Arthur SMITH, Libelant,

v.

M/V GISNA, her engines, tackle, apparel, and furniture, and A/S Turid, and P. D. Marchessini and Company, Respondents,

The Travelers Insurance Company, Intervenor.

No. 3000.

United States District Court
S. D. Alabama, S. D.

Feb. 2, 1965.

Lionel L. Layden, Moore & Layden, Mobile, Ala., for libelant

Alex T. Howard, Jr., McCorvey, Turner, Johnstone, Adams & May, Mobile, Ala., for respondents.

W. Boyd Reeves, Armbrecht, Jackson, McConnell & DeMouy, Mobile, Ala., for intervenor.

DANIEL HOLCOMBE THOMAS, District Judge.

This libel is brought to recover for injuries sustained when a sling loaded with newsprint struck a part of the ship's equipment, causing a roll of paper to fall on the libelant, who was engaged in the loading operation. This action is against the vessel. The Travelers Insurance Company has intervened in the suit.

## FINDINGS OF FACT

1. On February 17, 1962, the libelant, Arthur Smith, was employed by Ryan Stevedoring Company, Inc., as a longshoreman engaged in the loading of cargo into the lower level of hatch number two on the M/V GISNA. The vessel was docked at the Alabama State Docks, Mobile, Alabama, in navigable waters,

92

and within the admiralty and maritime jurisdiction of this Court.

2. The cargo being loaded was rolls of newsprint weighing from 600 to 800 pounds per roll. At times, two rolls were carried per load, but at the time of the accident there were four rolls on each load. The equipment used to load the rolls onto the vessel was a sling consisting of two pieces of steel with chains on either end on each side of the sling. The weight of the newsprint holds it in the sling. When the weight is slackened, the rolls of newsprint will come out. The sling used in this loading operation required two winchmen to properly operate it. A gang leader would give directions to the two winchmen as the load was lowered into the hatch. The winchmen must work closely together for the load to be properly lowered. If one winchman goes too fast or too slow, the load will hit the hatch coaming, and thusly fall when the weight of the rolls is removed from the sling.

3. The accident in question occurred when the sling struck the 'tween deck coaming, releasing the rolls of newsprint, and causing one of them to hit the libelant, who was working in the lower level, passing dunnage to a fellow worker.

4. The rolls of newsprint were completely wrapped with paper. Each end of the roll was closed with wooden plugs.

5. The testimony of the various witnesses establishes the fact that a sling is proper equipment to use in loading this type newsprint.

## CONCLUSIONS OF LAW

The best or the safest appliances are not required, but only those which are reasonably suitable and adequate for the purpose. Ducette v. Vincent, 1 Cir., 194 F.2d 834; Morales v. City of Galveston, 5 Cir., 275 F.2d 191; Billeci v. United States, 9 Cir., 298 F.2d 703.

The M/V GISNA was seaworthy at the time of this accident, and the libelant was furnished with a safe place in which to work.

The vessel's winches were in good operating order, and the officers and crew of the vessel were in no way negligent.

The paper slings which were being used by Ryan Stevedoring Company, Inc., were safe and the procedure being used by Ryan was the usual and customary method of loading rolls of newsprint in the Port of Mobile.

Unseaworthiness cannot be extended to the point of holding the owner liable in a case where he contracted for the loading of a customary cargo in a customary way, no failure of the ship's gear being shown and no showing that what was customary was not reasonable, but simply and solely on the basis that an accident occurred. Phipps v. N. V. Nederlandsche Amerikaansche S. M., 9 Cir., 259 F.2d 143.

The Court finds that the libelant should take nothing in this proceeding.

Decree to be entered accordingly.